GRACE YANG (CA Bar No. 286635)
MIRANDA KANE (CA Bar No. 150630)
HAYK ESAGHOULYAN (CA Bar No. 349050)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 343-7100
Fax: (415) 343-7101
Email: gyang@conmetkane.com
Email: mkane@conmetkane.com
Email: hesaghoulyan@conmetkane.com

*Attorneys for Defendant Benjamin Mann*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THOMAS WILLIAM SHAKESPEARE, ET AL.,

Plaintiffs,

v.

ANTHROPIC, PBC, ET AL.,

Defendants.

Case No. 5:26-cv-05931-PCP

**DEFENDANT BENJAMIN MANN'S MOTION TO EXTEND UNDER CIVIL LOCAL RULE 6–3**

Judge: Hon. P. Casey Pitts
Courtroom: 8 – 4th Floor

## I. INTRODUCTION

This is another copyright lawsuit following *Bartz v. Anthropic, PBC* (Case No. 4:24-cv-05417-AMO). Like *Bartz*, this lawsuit is brought by book authors against Anthropic, PBC. It advances both direct and contributory copyright infringement claims based on allegations drawn from the class certification and fair use orders in *Bartz*. Unlike *Bartz*, Plaintiffs have named two Anthropic employees, Benjamin Mann and Dr. Dario Amodei, as individual defendants. There is no case schedule. The case was assigned to the Court on July 6, and an initial case management conference is set for October 15, 2026. Dkt. Nos. 25, 31.

Following review of Plaintiffs' Complaint, undersigned counsel and counsel for Anthropic expect to move to dismiss on behalf of the company and Dr. Amodei, but not Mr. Mann. The parties met and conferred on July 1 regarding Defendants' answer deadlines. Yang Decl. ¶ 4. On July 10, Defendants' counsel circulated a stipulation that extended Defendants' answer deadlines and aligned all Defendants' answer deadlines in light of Dr. Amodei and Anthropic's decision to move to dismiss. Yang Decl. ¶ 5; Ex. A. That same day, Plaintiffs' counsel declined to align Mr. Mann's answer deadline with the remaining defendants. Yang Decl. ¶ 5; Ex. A.

On July 14, the parties met and conferred a second time. During that call, Plaintiffs' counsel stated their intention to file an amended complaint, and the parties ultimately stipulated that Plaintiffs will amend by August 10, 2026, and Defendants will bring any responsive pleading by September 11, 2026. Dkt. No. 27 at 4. Also during that call, counsel for Mr. Mann again asked to align his answer deadline with that of his co-defendants by stipulation. Yang Decl. ¶ 8. Plaintiffs' counsel again declined. *Id*.

Separately, on August 10, Defendants agreed to further extend Plaintiffs' deadline to file their First Amended Complaint to August 17, with Defendants to respond by September 18. Yang Decl. ¶ 9; Dkt. No. 32. [1]

[1] On August 5, the Court reset the Initial Case Management Conference from September 17 to October 15, 2026. Dkt. No. 31. Except as noted, there have been no further time modifications in this case. Yang Decl. ¶ 11.

Mr. Mann now moves under Civil Local Rule 6–3 to extend his September 18, 2026 response deadline to match that of Anthropic and Dr. Amodei (*i.e.*, 14 days after notice of the Court's decision on their motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A)).

## II. BACKGROUND

On June 17, 2026 Plaintiffs filed their complaint alleging direct copyright infringement against all Defendants. Dkt. No. 1 at 108–110. Plaintiffs filed a First Amended Complaint on August 17, 2026, and Defendants expect to file responsive pleadings by September 18. Dkt. Nos. 27; 32.

While both individuals dispute the substance of Plaintiffs' allegations, only Dr. Amodei intends to move to dismiss at this juncture. Yang Decl. ¶ 3. Thus, the undersigned first requested Plaintiffs' counsel to agree to an alignment of Defendants' answer deadlines. Yang Decl. ¶ 5; Ex. A.

The parties twice agreed to extend Plaintiffs' time to amend (to August 17), and Defendants' time to file responsive pleadings (to September 18), but Plaintiffs declined to align Mr. Mann's answer deadline with that of Dr. Amodei and Anthropic.

## III. LEGAL STANDARD

Civil Local Rule 6–3 permits a motion to extend a deadline to respond to a complaint. The motion must: (a) explain the reasons for the requested extension and identify the substantial harm or prejudice that would occur if the Court does not grant the extension; (b) describe the efforts the moving party has made to obtain a stipulation to extend; and (c) disclose all prior time modifications in the case as well as the effect the requested extension would have on the case's current schedule. Civ. L. Rule 6–3(a).

## IV. ARGUMENT

Under Federal Rule of Civil Procedure 12(a)(4)(A), Anthropic and Dr. Amodei's separate motions to dismiss will have the effect of pushing out their responsive pleading deadline to 14 days after notice of the Court's action on their respective motions. Mr. Mann only seeks to answer the amended complaint at the same time as they do.

This request makes sense given that Plaintiffs' case asserts an interconnected set of allegations against all Defendants, and having some Defendants move to dismiss the complaint, while forcing Mr. Mann to answer before those motions to dismiss are resolved, undermines a streamlined management of this case and will create significant inefficiencies that unnecessarily consume judicial and party resources.

The Court should grant Mr. Mann's motion to extend because his request satisfies the requirements of Civil Local Rule 6–3, as well as common sense.

**A. An Extension Promotes a Streamlined and Efficient Case Schedule.**

Mr. Mann seeks to extend his response deadline so that his answer can come at the same time as the other Defendants—*i.e.*, after the Court decides those Defendants' anticipated motions to dismiss. Aligning all Defendants' response deadlines will avoid piecemeal answers and disparate case timelines, promote clarity and efficiency in discovery management, and minimize the potential for further petitions to the Court as this case moves forward.

In two ways, Mr. Mann will suffer substantial harm and prejudice if he is required to respond before the other Defendants in this case.

***First***, Mr. Mann would be forced to answer allegations that may change in the relatively near future. Anthropic and Dr. Amodei expect to bring motions to dismiss that will decide what allegations remain for all Defendants to answer. It does not matter that Anthropic and Dr. Amodei's motions will likely target only portions of Plaintiffs' Complaint, because Plaintiffs' allegations against Mr. Mann are inextricably intertwined with those concerning Anthropic as well as Dr. Amodei. For example: "Mann, with Amodei's knowledge, approval, and participation, used BitTorrent, a peer-to-peer ("P2P") files-haring protocol historically used for widespread unauthorized reproduction and distribution of copyrighted materials." Compl. ¶ 185; 212 ("Amodei and Mann were the primary participants and driving forces behind the illegal downloading of millions of copyrighted works"); *see also id*. ¶¶ 199, 201, 203, 204, 210.

***Second**,* having Mr. Mann answer before the other Defendants does not move this case forward. A case schedule has not yet been entered. Rule 26(f) disclosures have not yet been made, and the parties Joint Case Management Statement is not due for more than a month. Meanwhile, Anthropic and Dr. Amodei will bring their motions to dismiss soon. Given this context, it makes more sense for Mr. Mann to answer at the same time the other Defendants will, especially as resolution of Plaintiffs' claims will likely require substantial discovery that implicates an overlapping set of custodians, documents, and devices, and will necessarily involve Anthropic's documents and records. Ordinarily, counsel would minimize the burden on judicial and party resources by coordinating discovery requests, responses, and

searches, de-duplicating productions, and so forth. But a disparity in discovery tracks among Defendants will undermine any efforts to stay efficient. Meanwhile, any discovery disputes and motion practice requiring the Court's assistance would be litigated on a per-defendant basis, forcing the parties and the Court to spend months treading and retreading old ground. This is why courts have extended response deadlines to promote judicial efficiency. *See, e.g.*, *FaceBook, Inc. v. ConectU LLC*, No. C 07-01389 (RS), 2007 WL 1725441, at *1–2 (N.D. Cal. June 14, 2007) (extending certain defendants' deadlines to respond to the complaint, because other defendants were filing motions to dismiss). The Court should do the same here.

**B. Mr. Mann Has Diligently Sought a Stipulation to Extend His Response Deadline.**

The undersigned has tried to obtain a stipulation to extend Mr. Mann's response deadline, via videoconferences and written correspondence. Yang Decl. ¶¶ 5-8. Opposing counsel refused. *Id*. Opposing counsel maintains their position despite the undersigned having explained that having Mr. Mann answer on a different timeline will undermine efficient case management, and that there would be no actual case "delay" because of Mr. Mann's extension (since there is no case schedule beyond the parties' stipulated motion to dismiss schedule anyway). The Court should find that Mr. Mann has made good-faith efforts to obtain a stipulation and grant his request to extend. *See, e.g.*, *Burlington Ins. Co. v. Hotel Sunrise, LLC*, No. C07-04625 MJJ, 2007 WL 4259318, at *1 (N.D. Cal. Dec. 2, 2007) (extending defendants' response deadline in part because defendant had diligently sought an extension).

**C. An Extension Would Not Impact the Case Schedule or Prejudice Plaintiffs.**

Mr. Mann's requested extension would have no impact on the case schedule, which has not been entered yet. *See, e.g.*, *Burlington Ins. Co.*, 2007 WL 4259318, at *1, n.1 (granting defendants extension to respond partly because it "would result in no appreciable delay in the schedule of this case or the underlying action, nor would Plaintiffs be prejudiced.").

## V. CONCLUSION

For the reasons above, the Court should grant Mr. Mann's motion to extend his response deadline to 14 days after the Court decides Anthropic and Dr. Amodei's anticipated motions to dismiss.

Dated: August 28, 2026

Respectfully submitted,

**CONRAD | METLITZKY | KANE LLP**

GRACE YANG
MIRANDA KANE
HAYK ESAGHOULYAN

*Attorneys for Defendant*
BENJAMIN MANN