**JAMES H. BARTOLOMEI, III P.A.**
James H. Bartolomei III (SBN 301678)
Of Counsel at Duncan Firm, P.A.
Michael P. Manapol (SBN 258300)
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: (501) 228-7600
james@duncanfirm.com
michael@manapollaw.com

**GAFNI & LEVIN, LLP**
Adam I. Gafni, Esq. (SBN 230045)
11811 San Vicente Blvd.
Los Angeles, California 90049
Telephone: (424) 744-8344
adam@gafnilaw.com

**DONIGER / BURROUGHS**
Stephen M. Doniger (SBN 179314)
Benjamin F. Tookey (SBN 330508)
Andres Navarro (SBN 358499)
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
stephen@donigerlawfirm.com
btookey@donigerlawfirm.com
anavarro@donigerlawfirm.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS WILLIAM SHAKESPEARE, et al.,<br>*Plaintiffs,*<br>v.<br>ANTHROPIC, PBC, et al.,<br>*Defendants.* | Case No. 5:26-cv-05931-PCP<br>**PLAINTIFFS' OPPOSITION TO DEFENDANT BENJAMIN MANN'S MOTION TO EXTEND UNDER CIVIL LOCAL RULE 6–3**<br>Judge: Hon. P. Casey Pitts<br>Courtroom: 8 – 4th Floor<br>Hearing: N/A (no oral argument requested) |

## I. INTRODUCTION

Benjamin Mann is the defendant who personally executed the conduct at the heart of this copyright infringement lawsuit: he torrented millions of copyrighted works from the pirate repositories LibGen and PiLiMi, seeding them across the BitTorrent network as he did so. His liability as a direct copyright infringer should not await resolution of his co-defendants' motions to dismiss. His answer to the First Amended Complaint ("FAC") is due September 18, 2026—a date he agreed to in two successive stipulations and fact discovery should proceed, especially given that much of the discovery that occurred in the *Bartz v. Anthropic* class case should be utilized here.

Mann now asks the Court to relieve him of answering the FAC for an indefinite period, keyed to the resolution of motions to dismiss he is not filing. The motion misstates what Civil Local Rule 6-3 requires, inverts the prejudice analysis, and misreads the cases on which it relies. Its real purpose is to preserve Mann's tactical optionality—to avoid committing to admissions, denials, and affirmative defenses while the motions to dismiss develop and create a *de facto* stay of fact discovery. That is not a cognizable harm; it is not good cause; and it is not a basis to deny Plaintiffs the answer they are entitled to from the most culpable defendant in the case who admitted to "pushing the button." Instead of titling his motion as an extension, he should have called it a motion to limit or stay discovery. The Court should deny the motion.

## II. BACKGROUND

Plaintiffs filed their original Complaint on June 17, 2026, naming Benjamin Mann, Dario Amodei, and Anthropic, PBC as defendants and asserting direct copyright infringement against all three. Dkt. 1. On July 14, the parties stipulated to extend the answer deadline: Plaintiffs would file a First Amended Complaint by August 10, 2026, and all Defendants would respond by September 11, 2026. Dkt. 27 at 4. During those negotiations, Mann's counsel twice proposed aligning Mann's deadline with Amodei's and Anthropic's—i.e., tying Mann's response to the outcome of the other defendants' anticipated motions to dismiss—and both times Plaintiffs' counsel declined because it would create a stay of fact discovery for Mann. Yang Decl. ¶¶ 5-8.

On August 10, the parties agreed to a further one-week extension: file the FAC by August 17, and all Defendants to respond by September 18, 2026. Dkt. 32. Mann's counsel again knew that

Plaintiffs would not align Mann's deadline, yet agreed to the September 18 deadline. Yang Decl. ¶ 9. Plaintiffs timely filed the FAC on August 17. Dkt. 37. Mann filed this motion on August 28, 2026, ten days before his response is due.

Mann asks the Court to extend his response deadline to "14 days after notice of the Court's decision" on motions to dismiss that Anthropic and Amodei have not yet filed. Dkt. 45 at 1. No motions to dismiss are on file. No briefing schedule has been set. The Initial Case Management Conference is set for October 15, 2026. Dkt. 31. Plaintiffs intend to ask the Court that fact discovery begin immediately.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1)(A) permits the Court to extend a deadline before it expires "for good cause." Fed. R. Civ. P. 6(b)(1)(A). "Good cause" requires the movant to demonstrate diligence and an actual, concrete need for an extension—not mere convenience or parroting efficiency of discovery. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) ("Good cause requires the moving party to demonstrate that 'good reasons exist' for the requested extension and that it has been diligent."); *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Civil Local Rule 6-3(a) sets additional requirements for a motion to extend a response deadline: the motion must (1) explain the reasons for the extension and identify the "substantial harm or prejudice" that would occur if the extension were denied; (2) describe efforts to obtain a stipulation; and (3) disclose all prior time modifications and the effect of the extension on the case schedule. Civ. L.R. 6-3(a). The movant bears the burden on all three elements. Mann fails to meet his burden on all three.

## III. ARGUMENT

### A. Mann Has Failed to Show "Substantial Harm or Prejudice" as Civil Local Rule 6-3 Requires.

Civil Local Rule 6-3(a) requires the movant to identify the substantial harm or prejudice that would occur if the extension were denied—as Mann's own motion acknowledges. Dkt. 45 at 3. His sole claimed harm is that he would be "forced to answer allegations that may change" if his

co-defendants' motions to dismiss succeed. Will his testimony change from what he testified to in the *Bartz* case? Likely no. The Federal Rules already answer that concern. If a ruling on those motions results in an amended complaint, Mann will respond to the amended pleading in the ordinary course. Fed. R. Civ. P. 15(a)(3). If claims are dismissed or narrowed without repleading, Mann may seek leave to amend his answer, which is freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). A harm fully remediable under Rule 15 is not substantial harm; were it otherwise, every answering defendant could defer its response whenever a co-defendant moved to dismiss.

Rather, granting the extension would substantially prejudice Plaintiffs, cause delay in securing fulsome discovery responses from Mann, and create discovery inefficiencies. Mann personally torrented the pirated libraries at the heart of this case which was admitted in the *Bartz* case. The FAC pleads that he is a direct infringer who acted as a primary participant and driving force behind the unauthorized downloading of millions of copyrighted works. FAC ¶¶ 185, 212. His answer—containing his admissions, denials, and affirmative defenses—may be the single most important responsive pleading in this action. Every month his answer is deferred is a month during which Plaintiffs cannot identify what Mann actually disputes, cannot serve focused discovery keyed to his pleaded affirmative defenses, and cannot begin developing the factual record against the defendant who most directly inflicted the harm his individual benefit and for the benefit of his co-Defendants. Plaintiffs' prejudice is concrete and ongoing, whereas Mann's claimed prejudice is speculative, spurious and self-inflicted.

**B. The Requested Extension Is Indefinite and Improper Under Civil Local Rule 6-3.**

A pre-deadline extension requires "good cause." Fed. R. Civ. P. 6(b)(1)(A). The Ninth Circuit construes that standard generously: such requests "should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citation omitted). But two principles limiting that standard apply here. The extension would prejudice Plaintiffs, as shown above. And the motion renews—as a unilateral application—the very alignment Mann's counsel twice sought in negotiation, twice failed to obtain by consent, and twice bargained away by

stipulating to a date certain with full knowledge of Plaintiffs' position. Yang Decl. ¶¶ 5–9. Nothing has changed since Mann agreed to respond to the FAC by September 18 on August 10.

The open-ended character of the request for the extension compounds the problem. Civil Local Rule 6-3(a) requires the movant to describe the effect of the requested change on the case schedule; an extension keyed to rulings on motions that are not filed, not briefed, and not scheduled has no ascertainable endpoint, so its effect on the schedule cannot even be stated. Realistically, fully briefed 12(b)(6) motions in a case of this complexity will not be decided until 2027. Court schedules "will be successful only if the deadlines are taken seriously by the parties." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (affirming enforcement of case-management deadlines). Mann stipulated to this deadline twice; he should be held to it and not granted a *de facto* discovery stay that will hinder Plaintiffs' ability to challenge any affirmative defense that will remain undefined.

**C. Rule 12(a)(4)(A) Does Not Give a Non-Moving Defendant a Moving Defendant's Deadline.**

Rule 12(a)(4) alters the time to answer only when a party "serv[es] a motion under this rule." Fed. R. Civ. P. 12(a)(4). Mann's own motion recognizes as much: it invokes Rule 12(a)(4)(A) as the mechanism that will defer his co-defendants' deadlines because they intend to move to dismiss and asks the Court to give him a matching deadline by discretionary order. Dkt. 45 at 3. The rule's structure reflects a deliberate exchange: a defendant that raises its defenses by Rule 12 motion defers its answer; a defendant that elects not to move answers on schedule. Mann seeks the deferral without taking the step that earns it. Neither Rule 6(b) nor Civil Local Rule 6-3 exists to hand a non-moving defendant the benefit of a co-defendant's motion practice.

**D. Mann's Own Authorities Confirm That Denial Is Proper.**

Mann cites two decisions of this District. He describes *FaceBook, Inc. v. ConectU LLC*, No. C 07-01389 (RS), 2007 WL 1725441 (N.D. Cal. June 14, 2007), as "extending certain defendants' deadlines to respond to the complaint, because other defendants were filing motions to dismiss." Dkt. 45 at 5. A discretionary alignment granted on one record does not establish substantial harm on this one—nothing in Mann's account of that case involves a movant who twice stipulated to a

date certain after alignment was expressly refused, or an extension opposed as prejudicial.

Mann's second case defeats his motion on its own terms. He quotes *Burlington Ins. Co. v. Hotel Sunrise, LLC*, No. C07-04625 MJJ, 2007 WL 4259318, at *1 n.1 (N.D. Cal. Dec. 2, 2007), as granting an extension "partly because it 'would result in no appreciable delay in the schedule of this case or the underlying action, nor would Plaintiffs be prejudiced.'" Dkt. 45 at 5. Neither condition applies here: the requested delay is indefinite, and Plaintiffs are prejudiced in concrete ways as detailed above and in the accompanying declaration. Manapol Decl. ¶ 6. Applying *Burlington*'s own logic here, this motion should be denied.

## IV. CONCLUSION

Mann has not shown any substantial harm, no changed circumstances, and no inability to comply with the deadline he stipulated to with full knowledge of Plaintiffs' position. Plaintiffs respectfully request that the Court deny the motion in its entirety and order Mann to file his answer to the First Amended Complaint by September 18, 2026.

Dated: September 1, 2026

Respectfully submitted,

**JAMES H. BARTOLOMEI, III P.A.**

By: *<u>/s/ Michael P. Manapol</u>*

James H. Bartolomei III
Michael P. Manapol, Of Counsel
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: (501) 228-7600
james@duncanfirm.com
michael@manapollaw.com

**DONIGER / BURROUGHS**
Stephen M. Doniger (SBN 179314)
Benjamin F. Tookey (SBN 330508)
Andres Navarro (SBN 358499)
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
stephen@donigerlawfirm.com
btookey@donigerlawfirm.com
anavarro@donigerlawfirm.com

**GAFNI & LEVIN, LLP**
Adam I. Gafni, Esq. (SBN: 230045)
11811 San Vicente Blvd.
Los Angeles, California 90049
Telephone: 424.744.8344
adam@gafnilaw.com

*Attorneys for Plaintiffs*