**JAMES H. BARTOLOMEI, III P.A.**
James H. Bartolomei III (SBN 301678)
Of Counsel at Duncan Firm, P.A.
Michael Manapol (SBN 258300)
809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: (501) 228-7600
james@duncanfirm.com
michael@manapollaw.com

**GAFNI & LEVIN, LLP**
Adam I. Gafni, Esq. (SBN 230045)
11811 San Vicente Blvd.
Los Angeles, California 90049
Telephone: (424) 744-8344
adam@gafnilaw.com

**DONIGER / BURROUGHS**
Stephen M. Doniger (SBN 179314)
Benjamin F. Tookey (SBN 330508)
Andres Navarro (SBN 358499)
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
stephen@donigerlawfirm.com
btookey@donigerlawfirm.com
anavarro@donigerlawfirm.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

THOMAS WILLIAM SHAKESPEARE, ET AL.,

*Plaintiffs*,

v.

ANTHROPIC PBC, a Delaware public benefit corporation; DARIO AMODEI, an individual, and BENJAMIN MANN, an individual,

*Defendants*.

Case No. 5:26-cv-5931-PCP
*Hon. P. Casey Pitts Presiding*

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Hearing Date: December 17, 2026
Time: 10:00 a.m.
Courtroom: 8, 4th Floor

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 17, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable P. Casey Pitts in Courtroom 8 at the San Jose Courthouse, 280 South First Street, San Jose, California 95113, Plaintiffs will and hereby do request, pursuant to Federal Rule of Evidence 201, that the Court take judicial notice of the documents identified below in connection with Plaintiffs' Opposition to Defendant Anthropic PBC's Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 48) (the "Motion"), in which Defendants Dario Amodei and Benjamin Mann have joined (Dkts. 49, 50). Exhibits 1 through 10 are attached to the Declaration of Michael P. Manapol ("Manapol Declaration" or "Manapol Decl.") filed concurrently herewith.

## I. **INTRODUCTION**

The Motion rests in substantial part on the proceedings in *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-AMO (N.D. Cal.) ("*Bartz*"). Anthropic asks the Court to dismiss the claims on eight works as released by the *Bartz* final judgment, Dkt. 48 at 4–5; argues that the *Bartz* class complaint did not give it notice of a distribution claim for purposes of *American Pipe* tolling, *id.* at 11–13; and asks the Court to consider "the *Bartz* settlement records" in ruling on the Motion, *id.* at 3–4. Plaintiffs' Opposition answers those arguments with the *Bartz* record itself: the original and amended class complaints, the fair-use and class-certification orders, the preliminary-approval opinion, the final-approval motion and the notice administrator's declaration, and the final-approval order and judgment. The Opposition also cites two recent filings in related actions before Judge Lee of this District. The First Amended Complaint ("FAC") likewise refers to the *Bartz* litigation, its fair-use ruling, its settlement, and its final-approval order. FAC ¶¶ 5, 11, 154, 225–227, 234–236.

Each document is a record filed on the public docket of a federal court. Its existence, date, and contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Plaintiffs ask the Court to notice the existence, contents, filing dates, and legal effect of these records—what the *Bartz* parties pleaded and represented to the court, and what the *Bartz* court found and ordered—not the truth of any disputed

factual assertion they may contain.

## II. LEGAL STANDARD

In resolving a motion under Rule 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b)(2), and it "must take judicial notice if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2). "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

Court records are the paradigm of such public records. The Ninth Circuit "may take judicial notice of court filings and other matters of public record," *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), including "documents on file in federal or state courts," *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012), and "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue," *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted). In *Reyn's Pasta Bella*—the case on which Anthropic relies for its release argument, Dkt. 48 at 4–5—the court took judicial notice of "pleadings, memoranda, expert reports, etc." filed in the earlier class action in order to determine the scope of the class settlement and its release. 442 F.3d at 746 n.6. And in *Harris*, the court noticed a declaration and its exhibits filed in related litigation. 682 F.3d at 1131–32.

The limit on the doctrine is that "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999. A court may notice another court's order or a party's filing for the fact of its existence and what it says, "not for the truth of the facts recited therein." *Lee*, 250 F.3d at 690 (citation omitted). Plaintiffs' request is confined to that proper use.

## III. ARGUMENT

### A. Documents Subject to this Request

Plaintiffs request that the Court take judicial notice of the following documents, each of which is attached to the Manapol Declaration:

| Ex. | Document | Where Cited |
|---|---|---|
| 1 | Class Action Complaint, *Bartz v. Anthropic PBC*, No. 3:24-cv-05417 (N.D. Cal.) ("*Bartz*"), Dkt. 1 (filed Aug. 19, 2024) | Opp. § II.C; § IV.E.2 (class action tolling) |
| 2 | First Amended Class Action Complaint, *Bartz*, Dkt. 70 (filed Dec. 4, 2024) | Opp. § II.C; § IV.E.1 (discovery rule); § IV.E.2 |
| 3 | Order on Fair Use, *Bartz*, Dkt. 231 (filed June 23, 2025), reported at 787 F. Supp. 3d 1007 | Opp. § IV.E.1; § IV.E.2; FAC ¶¶ 11, 225–227 & nn.1, 12 |
| 4 | Order on Class Certification, *Bartz*, Dkt. 244 (filed July 17, 2025) | Opp. § IV.D (ownership); § IV.E.1; § IV.E.2; § IV.F.2–3 (distribution) |
| 5 | Memorandum Opinion on Preliminary Approval of Class Action Settlement, *Bartz*, Dkt. 437 (filed Oct. 17, 2025) | Opp. § II.C |
| 6 | Notice of Motion and Motion for Final Approval of Class Action Settlement, *Bartz*, Dkt. 619 (filed Mar. 19, 2026) | Opp. § II.C; § IV.E.2 |
| 7 | Declaration of Jennifer M. Keough of JND Legal Administration in support of final approval, *Bartz*, Dkt. 619-3 (filed Mar. 19, 2026) (declaration only, pp. 1–27 of 294; exhibits omitted) | Opp. § IV.A (*Bartz* release) |
| 8 | Order Granting Final Approval of Class Action Settlement; Granting in Part Motion for Attorney's Fees, Reimbursement of Expenses, and Plaintiff Service Awards; Judgment, *Bartz*, Dkt. 680 (filed July 20, 2026) | Opp. § II.C; § IV.A; § IV.E.2; FAC ¶ 234 |
| 9 | Order Denying Motion to Dismiss, *Strike 3 Holdings, LLC v. Meta Platforms, Inc.*, No. 5:25-cv-06213-EKL (N.D. Cal.), Dkt. 61 (filed June 11, 2026) | Opp. § IV.F (distribution) |
| 10 | Defendant Anthropic PBC's Notice of Motion and Motion for Partial Dismissal, *Concord Music Group, Inc. v. Anthropic PBC*, No. 5:26-cv-00880-EKL-SVK (N.D. Cal.), Dkt. 103 (filed Aug. 3, 2026) | Opp. § IV.F |

### B. The Court Should Take Judicial Notice of the *Bartz* Record (Exhibits 1–8)

Exhibits 1 through 8 are pleadings, orders, and motion papers filed on the public docket in

*Bartz*, and the Manapol Declaration attests that each is a true and correct copy obtained from the Court's CM/ECF system. Manapol Decl. ¶¶ 2–9. They are precisely the kind of court records of which judicial notice is routinely taken. *Reyn's Pasta Bella*, 442 F.3d at 746 n.6; *Harris*, 682 F.3d at 1131–32. And they have a "direct relation to matters at issue." *Robinson Rancheria*, 971 F.2d at 248. Anthropic's release defense turns on the scope of the *Bartz* class, the settlement "Works List," the opt-out procedures, and the final judgment (Exhibits 5, 7, and 8). Its *American Pipe* argument turns on what the *Bartz* complaints pleaded, what class the *Bartz* court certified, and what the *Bartz* parties actually litigated and released (Exhibits 1, 2, 4, 6, and 8). And its discovery-rule argument is answered by what the *Bartz* plaintiffs—represented by counsel and litigating against Anthropic—did and did not know about the sources of Anthropic's training data as of December 2024, and when the facts of Anthropic's BitTorrent downloads entered the public record through the *Bartz* court's orders (Exhibits 2, 3, and 4).

Anthropic cannot object. It asks the Court to consider "the *Bartz* settlement records," Dkt. 48 at 3–4, quotes the *Bartz* settlement agreement and relies on the *Bartz* final judgment, *id.* at 4–5, and characterizes the *Bartz* class complaint, *id.* at 11–13. Having put the *Bartz* proceedings at the center of its Motion, Anthropic can hardly complain that the Court should consider the complete record of those proceedings rather than Anthropic's description of it.

Plaintiffs do not ask the Court to accept as true any disputed factual assertion in a *Bartz* party's filing. Plaintiffs ask the Court to notice: (a) the existence, filing dates, and contents of Exhibits 1 through 8; (b) the class definitions pleaded, certified, and approved in *Bartz*, and the claims and exclusive rights asserted in the *Bartz* complaints, which bear on *American Pipe* tolling and on the scope of the *Bartz* release; (c) the findings, rulings, and orders of the *Bartz* court reflected in Exhibits 3, 4, 5, and 8, including the terms on which the court limited the class to works on the Works List, set the opt-out deadline, permitted late opt-outs, and retained jurisdiction over the administration of the settlement; and (d) the fact that the *Bartz* parties and the settlement administrator made the representations reflected in Exhibits 6 and 7—for example, that the parties deposed the individuals who torrented the datasets at issue and exchanged expert topics that included torrenting, seeding, and leeching, and that the administrator's practice was to contact class

members whose opt-out requests were incomplete. The Ninth Circuit looks to exactly this kind of class-litigation record to determine the scope of the class claims for tolling purposes. *DeFries v. Union Pac. R.R. Co.*, 104 F.4th 1091, 1107–08 (9th Cir. 2024).

**C. The Court Should Take Judicial Notice of Exhibits 9 and 10**

Exhibit 9 is Judge Lee's order in *Strike 3 Holdings, LLC v. Meta Platforms, Inc.*, No. 5:25-cv-06213-EKL (N.D. Cal. June 11, 2026), Dkt. 61, denying a motion to dismiss copyright claims arising from an artificial-intelligence developer's use of the BitTorrent protocol. The Opposition cites it as persuasive authority in Section IV.F. The Court may consider a judicial decision for that purpose without resort to Rule 201; Plaintiffs attach it for the Court's convenience and so that its existence and contents are not subject to dispute. *See Lee*, 250 F.3d at 690.

Exhibit 10 is Anthropic's own Notice of Motion and Motion for Partial Dismissal in *Concord Music Group, Inc. v. Anthropic PBC*, No. 5:26-cv-00880-EKL-SVK (N.D. Cal. Aug. 3, 2026), Dkt. 103. Plaintiffs ask the Court to notice it for the fact that Anthropic took the position stated in it—that, facing a claim for "copying and distribution of Works in Suit via torrenting," Anthropic "contests the merit of these claims but does not move to dismiss them at this time," Ex. 10 at 4—and not for the truth of any factual assertion in it. A party's filings in other proceedings are properly the subject of judicial notice for that limited purpose. *Reyn's Pasta Bella*, 442 F.3d at 746 n.6 (noticing "pleadings, memoranda, expert reports, etc." from related litigation); *Harris*, 682 F.3d at 1131–32 (noticing declaration filed in related litigation).

**IV. <u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs respectfully request that the Court take judicial notice of Exhibits 1 through 10 to the Manapol Declaration in ruling on the Motion.

Dated: October 2, 2026

Respectfully submitted,

**JAMES H. BARTOLOMEI, III P.A.**

By: <u>*/s/ James H. Bartolomei III*</u>
James H. Bartolomei III
james@duncanfirm.com
Michael Manapol
michael@manapollaw.com

809 W. 3rd Street
Little Rock, Arkansas 72201
Telephone: (501) 228-7600

**DONIGER / BURROUGHS**
Stephen M. Doniger (SBN 179314)
Benjamin F. Tookey (SBN 330508)
Andres Navarro (SBN 358499)
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
stephen@donigerlawfirm.com
btookey@donigerlawfirm.com
anavarro@donigerlawfirm.com

**GAFNI & LEVIN, LLP**
Adam I. Gafni, Esq. (SBN: 230045)
11811 San Vicente Blvd.
Los Angeles, California 90049
Telephone: 424.744.8344
adam@gafnilaw.com

*Attorneys for Plaintiffs*