**WHITE & CASE LLP**
YAR R. CHAIKOVSKY (CA 175421)
yar.chaikovsky@whitecase.com
ANDY LEGOLVAN (CA 292520)
andy.legolvan@whitecase.com
AMIR JABBARI (CA 339097)
amir.jabbari@whitecase.com
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA 94306-2109
Telephone: (650) 213-0300
Facsimile: (650) 213-8158

MARK DAVIES (*pro hac vice*)
mark.davies@whitecase.com
701 13th St NW # 600
Washington, DC 2005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

Attorneys for
Defendant Anthropic PBC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WILLIAM SHAKESPEARE, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC, ET AL.,<br><br>Defendants. | Case No. 5:26-cv-5931-PCP<br><br>**DEFENDANT ANTHROPIC PBC'S MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS**<br><br>Judge: Hon. P. Casey Pitts |

## NOTICE OF MOTION

PLEASE TAKE NOTICE THAT, on December 17, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable P. Casey Pitts of the United States District Court, Northern District of California, Courtroom 8 – 4th Floor, 280 South First Street, San Jose, CA 95113, Defendant Anthropic PBC ("Anthropic") will and hereby does move to stay discovery directed to Plaintiffs' theory that Anthropic infringed the distribution right by uploading pieces of their works over BitTorrent, pending resolution of Anthropic's Motion to Dismiss Plaintiffs' First Amended Complaint (ECF No. 48).

The motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, Anthropic's Motion to Dismiss (ECF No. 48), the pleadings and records on file, and such other argument as the Court may permit.

Dated: October 19, 2026

WHITE & CASE LLP

By: */s/ Yar R. Chaikovsky*
Yar R. Chaikovsky

Mark Davies
Andy LeGolvan
Amir Jabbari
*Attorneys for Defendant Anthropic PBC*

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ........ 1
II. FACTUAL BACKGROUND ........ 2
III. LEGAL STANDARD ........ 2
IV. ARGUMENT ........ 3
A. The Motion Would Dispose of the BitTorrent Distribution Theory ........ 3
B. The Motion Can Be Decided on the Pleadings ........ 4
C. A Targeted Stay Will Spare the Parties and Nonparties Discovery that May Prove Unnecessary ........ 4
D. A Stay Tied to the Pleadings Will Not Prejudice Plaintiffs ........ 5
V. CONCLUSION ........ 6

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Arcell v. Google LLC*,
No. 5:22-cv-2499-EJD, 2022 WL 16557600 (N.D. Cal. Oct. 31, 2022) ....3

*Chicken Soup for the Soul, LLC v. Meta Platforms Inc.*,
No. 26-cv-2333, 2026 WL 2668437 (N.D. Cal. Sept. 10, 2026) ....5

*Garcia v. TDBBS, LLC*,
No. 25-cv-299-AMO, 2025 WL 1755648 (N.D. Cal. June 25, 2025) ....4

*Hall v. YouTube, LLC*,
No. 24-cv-4071-WHO, 2025 WL 1482007 (N.D. Cal. May 5, 2025) ....4

*Heck v. Amazon.com, Inc.*,
No. 22-cv-3986-JSW, 2022 WL 16579372 (N.D. Cal. Nov. 1, 2022) ....4

*Huang v. Futurewei Techs., Inc.*,
No. 18-cv-534-BLF, 2018 WL 1993503 (N.D. Cal. Apr. 27, 2018) ....5, 6

*In re Nexus 6P Prods. Liab. Litig.*,
No. 17-cv-2185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ....3

*Kincheloe v. Am. Airlines, Inc.*,
No. 21-cv-515-BLF, 2021 WL 5847884 (N.D. Cal. Dec. 9, 2021) ....4

*Little v. City of Seattle*,
863 F.2d 681 (9th Cir. 1988) ....2

*Pereda v. Gen. Motors LLC*,
No. 21-cv-6338-JST, 2022 WL 19692037 (N.D. Cal. Mar. 15, 2022) ....4, 5

*Rae v. Union Bank*,
725 F.2d 478 (9th Cir. 1984) ....4

*Realtek Semiconductor Corp. v. MediaTek, Inc.*,
732 F. Supp. 3d 1101 (N.D. Cal. 2024) ....2, 3, 5

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
No. 20-cv-363-BLF, 2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ....3

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) ....5

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007) ....4

## FEDERAL RULES

Fed. R. Civ. P. 26(c)(1) ....................................................................................................2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. <u>INTRODUCTION</u>

Plaintiffs' core claim is that Anthropic infringed their reproduction right by downloading copies of their books. Discovery on that claim is underway, and this motion leaves it untouched.

Plaintiffs also assert a separate theory: that while Anthropic's BitTorrent clients downloaded the LibGen and PiLiMi collections, the software may have automatically uploaded pieces of some of their works to unidentified third-party users. FAC ¶¶ 238, 245–46. Plaintiffs plead that theory as direct infringement of the distribution right under Count I. Anthropic's pending Motion to Dismiss challenges it. ECF No. 48 ("MTD"). Anthropic asks only that the Court pause discovery on this one theory until it decides the MTD.

The MTD identifies two fundamental defects in the distribution theory, each independently fatal. First, distribution requires actual dissemination of a copy to another person. Plaintiffs allege only that Anthropic's software made pieces of works available and was capable of sending them. They identify no work that was sent, no recipient, and no completed transfer. Second, direct infringement requires volitional conduct by the defendant. The only volitional act the FAC attributes to Anthropic is downloading. Any upload, on Plaintiffs' own telling, was triggered by other users' requests and carried out automatically by third-party software.

Both defects appear on the face of the FAC, so the Court can resolve them without discovery. Discovery on the theory, by contrast, would be costly and would reach beyond the parties. It would require forensic reconstruction of BitTorrent client configurations and network activity from 2021 and 2022, an effort to identify unknown recipients across 875 works, and subpoenas to nonparty BitTorrent users. If the MTD is granted, that effort will have been wasted.

The stay would cost Plaintiffs little. It would run only from the December 17 hearing on the MTD until the pleadings settle. Reproduction discovery, including discovery into what Anthropic downloaded over BitTorrent, when, and why, would continue in full. Anthropic's preservation obligations would remain in place. If the distribution theory survives, Plaintiffs will get their discovery. If it does not, the stay will have spared the parties, nonparties, and the Court an expensive inquiry into a theory that does not belong in the case.

## II. FACTUAL BACKGROUND

Plaintiffs are 102 authors, estates, and publishers asserting 875 works. Their central claim is that Anthropic infringed their reproduction right by downloading copies of their books from Books3, LibGen, and PiLiMi. FAC ¶¶ 237, 245(a)–(b), 263. Anthropic does not challenge, for purposes of the MTD, that Plaintiffs adequately allege volitional conduct for those downloads. MTD at 18.

Plaintiffs also assert a distribution theory under Count I. They allege that BitTorrent "break[s] files into pieces and distribute[s] the pieces between and amongst multiple users," and that a user downloading a file "becomes a distributor of the file to others." FAC ¶¶ 187–88. From those general features of the protocol, Plaintiffs allege "[u]pon information and belief" that the clients Anthropic used "were configured to, and did, upload pieces of the downloaded files" to other users "during the download process." *Id.* ¶ 246. They describe that uploading as "a function of the BitTorrent protocol" that occurred "simultaneously" with the downloads. *Id.* ¶ 245(c). The FAC identifies no work that was uploaded, no recipient, and no completed transfer. MTD at 3.

Plaintiffs filed the FAC on August 17, 2026. ECF No. 37. Anthropic moved to dismiss on September 18, 2026. ECF No. 48. Among other grounds, the MTD seeks dismissal of Count I to the extent it rests on the distribution right. *Id.* at 15–20. Briefing on the MTD closed on October 9, 2026. ECF No. 62 ("Reply"). The MTD is set for hearing on December 17.

The parties conferred in advance of the case management conference and agreed to brief this issue to the Magistrate Judge eventually assigned in this case. Joint CMC Statement, ECF No. 61 at 5. However, at the CMC, the Court instructed that the motion should be briefed to the district court judge rather than the magistrate judge. Therefore, Anthropic now brings the present motion.

## III. LEGAL STANDARD

District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). That discretion includes the authority to stay discovery for good cause while a potentially dispositive motion is pending. Fed. R. Civ. P. 26(c)(1*)*; *Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1117–18 (N.D. Cal. 2024).

Courts in this District apply a two-part test. "First, a pending motion must be potentially

dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. Second, the court must determine whether the pending motion can be decided absent additional discovery." *Id.* at 1117–18 (quoting *Reveal Chat Holdco, LLC v. Facebook, Inc.*, No. 20-cv-363-BLF, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020)) (cleaned up). In applying that test, the court takes a "preliminary peek" at the merits of the pending motion. *Id.* at 1118.

## IV. ARGUMENT

### A. The Motion Would Dispose of the BitTorrent Distribution Theory

If granted, the MTD would dismiss Count I to the extent it rests on the distribution right. MTD at 20. That satisfies the first prong. *Realtek*, 732 F. Supp. 3d at 1118. Two independent defects each dispose of the theory.

*No actual dissemination*. Distribution requires "actual dissemination" of a copy to another person; making a work available is not enough. MTD at 15–16. Plaintiffs allege only that BitTorrent is built to share pieces among peers and, on information and belief, that Anthropic's clients "did[] upload pieces." *Id.* at 16. They identify no work sent, no recipient, and no completed transfer. That alleges dissemination was possible, not that it occurred. *Id.* at 3, 16.

*No volitional conduct*. Direct infringement requires volitional conduct as to the infringing act. MTD at 17–18. The only volitional act the FAC attributes to Anthropic is downloading. *Id.* at 18. On Plaintiffs' own account, any upload was triggered by other users' requests and carried out automatically by the protocol. *Id.* Distribution that happens automatically at another's request is not volitional conduct by the defendant. *Id.*

Anthropic's MTD thus raises "numerous significant challenges" to Plaintiffs' pleadings, which is enough for the first prong without deciding the merits. *See Arcell v. Google LLC*, No. 5:22-cv-2499-EJD, 2022 WL 16557600, at *1 (N.D. Cal. Oct. 31, 2022). The motion need not dispose of the entire case to warrant a stay. Courts in this District have stayed discovery where a motion would dispose of particular claims and thereby "limit the scope of discovery." *In re Nexus 6P Prods. Liab. Litig.*, No. 17-cv-2185-BLF, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017) (finding motion "potentially dispositive of the express warranty claims"). Nor is the possibility that Plaintiffs may seek leave to amend "germane to the question before the Court on a motion to stay

discovery." *Heck v. Amazon.com, Inc.*, No. 22-cv-3986-JSW, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022); *accord Garcia v. TDBBS, LLC*, No. 25-cv-299-AMO, 2025 WL 1755648, at *2 (N.D. Cal. June 25, 2025). The first prong is satisfied.

**B. The Motion Can Be Decided on the Pleadings**

The second prong is also met. Each of the MTD's arguments rests on the FAC's own allegations, judicially noticeable public records, and the governing law. MTD at 3–4, 15–18. The Bartz and standing arguments turn on the Bartz settlement records and the copyright registrations, both of which the Court may judicially notice. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) ("documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Hall v. YouTube, LLC*, No. 24-cv-4071-WHO, 2025 WL 1482007, at *2 (N.D. Cal. May 5, 2025) ("judicial notice of copyright registrations as public records"). The limitations and distribution arguments turn on dates and BitTorrent mechanics that Plaintiffs themselves plead. FAC ¶¶ 179, 187–92, 209, 245–46. The Court can resolve each of them on the pleadings. *See Pereda v. Gen. Motors LLC*, No. 21-cv-6338-JST, 2022 WL 19692037, at *2 (N.D. Cal. Mar. 15, 2022); *Kincheloe v. Am. Airlines, Inc.*, No. 21-cv-515-BLF, 2021 WL 5847884, at *2 (N.D. Cal. Dec. 9, 2021); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984).

Plaintiffs' own pleading confirms the point. The FAC alleges that "no discovery is required to identify the acts of infringement alleged herein." FAC ¶ 245. The second prong is satisfied.

**C. A Targeted Stay Will Spare the Parties and Nonparties Discovery that May Prove Unnecessary**

The discovery at issue is broad, technical, and reaches well beyond the parties. Plaintiffs assert 875 works. MTD at 2–3. For each, discovery on the distribution theory would require analysis of how Anthropic's BitTorrent clients were configured in June 2021 and July 2022, and an attempt to trace whether any piece of that work was sent to any other user. Because the FAC identifies no recipient, that inquiry would turn to the BitTorrent swarms themselves. That means subpoenas to unidentified nonparty BitTorrent users and forensic expert analysis of network activity that occurred four to five years ago. None of this discovery is needed to litigate the reproduction claim.

Another court in this District recently recognized the burden of this kind of discovery. In

litigation against Meta, plaintiffs subpoenaed Anthropic for similar torrenting discovery. The court denied the request because it would require a "vast technical investigation." *Chicken Soup for the Soul, LLC v. Meta Platforms Inc.*, No. 26-cv-2333, 2026 WL 2668437, at *5–6 (N.D. Cal. Sept. 10, 2026). Anthropic was a nonparty there, but the court's assessment of the burden applies equally here. Here, the inquiry would also reach nonparty BitTorrent users. That burden should not be imposed before the Court decides whether the theory is viable. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.").

Where a motion's arguments are "sufficiently well-stated that they deserve careful consideration," the better course is to give them that consideration "before allowing the parties to proceed with costly and time-consuming discovery." *Pereda*, 2022 WL 19692037, at *2. A targeted stay does exactly that and conserves the resources of the parties, nonparties, and the Court.

### D. A Stay Tied to the Pleadings Will Not Prejudice Plaintiffs

Because the Court will hear this motion with the MTD, the stay would begin at the December 17 hearing and run until the Court rules. If the Court grants Plaintiffs leave to amend, the stay should remain in place until Anthropic answers the amended complaint. This Court followed the same course in *Realtek*. It stayed discovery at the motion-to-dismiss hearing through the issuance of its written decision and then extended the stay through the answer to any amended complaint. 732 F. Supp. 3d at 1111, 1117–18 & n.10; *see also Pereda*, 2022 WL 19692037, at *2 (staying discovery "until the pleadings are settled").

The stay also leaves the core of this case untouched. Discovery on the Count I reproduction claim will proceed in full. That includes discovery into which works Anthropic downloaded over BitTorrent, when, and why. Only discovery directed to whether, what, and to whom Anthropic's clients uploaded would be deferred. Anthropic's preservation obligations remain in place, so the stay poses little risk to the evidence. *See Huang v. Futurewei Techs., Inc.*, No. 18-cv-534-BLF, 2018 WL 1993503, at *4 (N.D. Cal. Apr. 27, 2018) (finding "minimal concern on evidence preservation" where the parties "have taken steps to preserve relevant information"). Anthropic

would respond to any stayed requests within 30 days after the stay lifts. *See id.* at *5.

## V. **CONCLUSION**

For the foregoing reasons, the Court should stay discovery directed to Plaintiffs' theory that Anthropic infringed the distribution right by uploading pieces of their works over BitTorrent, pending resolution of Anthropic's MTD and, if the Court grants leave to amend, until Anthropic answers the amended complaint. Discovery on the Count I reproduction claim, including discovery into Anthropic's BitTorrent downloads, would proceed.

Dated: October 19, 2026

WHITE & CASE LLP

By: *<u>/s/ Yar R. Chaikovsky</u>*
Yar R. Chaikovsky

Mark Davies
Andy LeGolvan
Amir Jabbari

*Attorneys for Defendant Anthropic PBC*